United States District Court
Southern District of Texas

**ENTERED**

June 13, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AARON GUERRA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00121 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Aaron Guerra is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, Guerra filed this habeas corpus petition on June 2, 2022. (D.E. 1). Guerra claims that he is not in custody pursuant to a state judgment and the TDCJ is violating his due process rights by keeping him in custody. Guerra contends that his 10-year sentence ceased to operate after 5 years when he became eligible for parole. For the reasons discussed further below, it is recommended that Guerra's petition be dismissed prior to service pursuant to the screening provisions of Rule 4 of the Rules Governing Section 2254 Cases[1] because it is plain from the petition and attached exhibits that Guerra is not entitled to relief.

---

[1] The Rules Governing Section 2254 Cases may also be applied to a § 2241 petition. Rule 1(b). A court may dismiss a petition before service under the screening provisions of Rule 4. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

## I.   DISCUSSION

In his petition, Guerra contends that he was sentenced to 10 years' imprisonment for murder on May 20, 2015.  (D.E. 1 at 2).  The TDCJ has calculated a release date of September 6, 2024.[2]  However, Guerra argues that his sentence was changed after it was imposed because he was eligible for parole after 5 years and, thus, the sentence was technically complete after 5 years.  (*Id.* at 3-6).  Finally, Guerra contends that the Parole Board's denial of parole based solely on the nature of this offense and prior offenses violates his double jeopardy rights.  (*Id.* at 6-7).

Guerra's argument is founded on the presumption that the Texas parole statutes rendered his 10-year sentence into two separate 5-year sentences, one to be served in TDCJ custody and one on parole.  (*Id.* at 4-6).  However, Texas offenders are not entitled to parole, and the parole statutes do not operate the way Guerra contends.  States have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence.  *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).  There is no constitutional expectation of parole in Texas.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Thus, the Texas parole statutes do not confer a liberty interest protected by due process.  *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995).  Because Guerra had no constitutional expectation of parole and no constitutionally protected liberty interest in obtaining parole, the statutes at issue could not have split his 10-year sentence in two, with 5 years guaranteed to be served on parole.  *See Greenholtz*,

---

[2] Release date information is available on the TDCJ by searching for an offender's name.  *See* https://offender.tdcj.texas.gov/InmateSearch/start.action.

442 U.S. at 7.  His double jeopardy claim fails for the same reason.  Although Guerra contends that his sentence was changed after it was imposed, that is not the case.  As Guerra acknowledges, the state court sentenced him to 10 years' imprisonment.  (*See* D.E. 1 at 2). That is the length his sentence remains.

Guerra has no constitutional right to be released before the end of his 10-year sentence and, thus, cannot obtain relief under 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2241(c)(3).

## II.   RECOMMENDATION

Accordingly, it is recommended that Guerra's § 2241 petition (D.E. 1) be DISMISSED pursuant to the screening provisions in Rule 4 of the Rules Governing Section 2254 Cases.  It is plain from the petition and attached exhibits that Guerra is not entitled to relief.

Respectfully submitted on June 13, 2022.

Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).